IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01991-BNB

JACOB DANIEL OAKLEY, # 123294,

    Plaintiff,

v.

SUSAN JONES, Warden CSP,
ARISTREDEZ ZAVARAS, Exec. Dir., D.O.C.,
STEP ONE HEARING OFFICER, Grievance Board, CSP,
OFFICER JOHN OR JANE DOE #1, Grievance Board, CSP,
OFFICER JOHN OR JANE DOE #2, Grievance Board, CSP,
OFFICER JOHN OR JANE DOE #3, Grievance Board, CSP,
OFFICER DESSASARO A. ANTHONEY, Grievance Board, CSP,
OFFICER JOHN OR JANE DOE #4, D.O.C., COPD Board of Discipline Chain of
    Command, CSP,
OFFICER JOHN OR JANE DOE #5, D.O.C., COPD Board of Discipline Chain of
    Command, CSP,
OFFICER JOHN OR JANE DOE #6, D.O.C., COPD Board of Discipline Chain of
    Command, CSP,
JOHN OR JANE DOE #7, Inmate Banking Chain of Command, CSP,
JOHN OR JANE DOE #8, Inmate Banking Chain of Command, CSP,
JOHN OR JANE DOE #9, Inmate Banking Chain of Command, CSP, and
P. HUNTER, Inmate Banking Chain of Command,

    Defendants.

*(FILED – UNITED STATES DISTRICT COURT, DENVER, COLORADO, OCT 23 2009, GREGORY C. LANGHAM, CLERK)*

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jacob Daniel Oakley, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Oakley has filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Oakley is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110.

Originally Mr. Oakley filed several pleadings. The pleadings are titled "Prisoner Civil Complaint," "Motion to Summons Defendants," "Preliminary Injunction: For Actual Damages, Motion to Prohibit: Withdrawals to COPD-Restitution, Restriction on Paper Shal[l] be Lifted and Loan Legal Materials," and "Prisoners Complaint Persuant [sic] to 42 U.S.C. 1983," and they all address Mr. Oakley's restitution claim. The Court, on August 21, 2009, instructed Mr. Oakley to file his claims on a Court-approved Prisoner Complaint form, which he did on October 16, 2009. However, he also submitted as an exhibit to the Prisoner Complaint form copies of the original Complaints that he filed with the Court and a separate pleading titled, "Declaration; Motion to Support Facts;/Opening Brief." Upon review of the multiple pleadings filed on October 16, 2009, it appears that Mr. Oakley is attempting to assert that his due process rights are being violated because restitution payments are being improperly withdrawn from his inmate account as a result of conviction in a disciplinary proceeding. For the reasons stated below, Mr. Oakley will be ordered to file an Amended Complaint.

Mr. Oakley's Complaint does not comply with the pleading requirements of Rule 8, Fed. R. Civ. P. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the Mr. Oakley is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d

2

1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Mr. Oakley fails to set forth a short and plain statement of his claims showing that he is entitled to relief. His claims are repetitive and unnecessarily verbose.

Therefore, Mr. Oakley will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Mr. Oakley is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Oakley is instructed to assert his claims in a short and concise manner on a Court-approved form.

Mr. Oakley should also take note that he must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Oakley must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A

named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Oakley is instructed that to state a claim in this Court, he must state with specificity what each named defendant did to him, when they did it, how their action harmed him, and what specific legal right they violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Oakley's request that the Court provide copies because he is not able to obtain copies or paper from prison staff is denied. As stated above, Mr. Oakley's pleadings are repetitive and unnecessarily verbose. The Court finds no need for the additional paper that he claims he needs to submit his claims in this case. The Court will provide a Court-Approved form on which he may set forth his claims in a short and concise manner.

Furthermore, with respect to Mr. Oakley's request for photocopies, there is no *per se* constitutional right to photocopies. Mr. Oakley can hand-copy any copies that he submits to the Court or needs for his records. Mr. Oakley was provided with two copies of the Court-approved form used in filing prisoner complaints when he was instructed to file his claims on a Court-approved form. He returned only one copy of the Court-approved form to the Court. The Clerk of the Court will be instructed to send two additional copies of the Prisoner Complaint form to Mr. Oakley so he may amend. He, therefore, will have three prisoner complaint forms on which he may hand-copy his short and concise claims. Three copies of the Prisoner Complaint form is sufficient for Mr. Oakley's needs. Nonetheless, the Clerk of the Court will be instructed to send copies of

4

Documents No. 14 and 18 to Mr. Oakley, because he contends that these documents are the originals and he needs them to prepare his Amended Complaint. Mr. Oakley is reminded that in the future the Court will not provide him with copies of pleadings he submits to the Court unless he pays the $.50 per page fee. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Oakley file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Oakley, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Oakley fails within the time allowed to file an Amended Complaint that complies with this Order, the Complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the Clerk of the Court send to Mr. Oakley copies of Documents No. 14 and 18. It is

FURTHER ORDERED that Mr. Oakley's Motion to Summons Defendants (Doc. No. 3), filed on Aug. 21, 2009, is DENIED as unnecessary and premature. It is

FURTHER ORDERED that Mr. Oakley's Motion for Declaration (Doc. No. 7) is not a motion requesting an action by the Court. The Clerk of the Court shall remove Document No. 7 as a pending motion in this case. It is

FURTHER ORDERED that Mr. Oakley's "Motion to Reconsider Last Motions" (Doc. No. 15), filed on October 16, 2009, is denied as unnecessary.

DATED October 23, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01991-BNB

Jacob Daniel Oakley
Prisoner No. 123294
Colorado State Penitentiary
P.O. Box 777 - Unit E3-17
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER, two copies of the Prisoner Complaint, a copy of Document # 14, and a copy of Document #18** to the above-named individuals on 10/23/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk