IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01991-BNB

JACOB DANIEL OAKLEY,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, Exe. Dir, D.O.C.,
SUSAN JONES, Warden, CSP,
STEP 1 GRIEVANCE BOARD JOHN OR JANE DOE # 1,
STEP 2 GRIEVANCE BOARD JOHN OR JANE DOE #2,
STEP 3 GRIEVANCE BOARD JOHN OR JANE DOE #3,
ANTHONY A. DESSESSARO, Grievance Board,
WILLIAM RICHTER #5, COPD BD. of Discipline,
POCHECHO #4, COPD BD. of Discipline,
JOHN OR JANE DOE # 6, Inmate Banking Chain of Command,
JOHN OR JANE DOE # 7, Inmate Banking Chain of Command,
JOHN OR JANE DOE # 8, Inmate Banking Chain of Command,
JOHN OR JANE DOE # 9, Inmate Banking Chain of Command, and
P. HUNTER, Inmate Banking Chain of Command,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
COLORADO

JAN 1 1 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTION

---

Plaintiff Jacob Daniel Oakley is in the custody of the Colorado Department of Corrections and currently is incarcerated at Colorado State Penitentiary in Cañon City, Colorado. Mr. Oakley, acting *pro se*, has filed a Prisoner Complaint. On September 14, 2009, he filed a Motion to Compel, in which he requests a lifting of restrictions on legal materials and access to the prison law library. On August 21, 2009, Mr. Oakley also filed a Motion to Prohibit Withdrawals to COPD, in which he asks that prison staff refrain from withdrawing monies from his inmate account for payment of restitution and that all monies that have been taken from his account in the past for payment of

restitution be returned to him. The Court construes both motions as requests for preliminary injunctions.

The Court must construe the motions liberally because Mr. Oakley is representing himself. *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See* **Hall**, 935 F.2d at 1110. For the reasons stated below, the motions will be denied.

A party seeking a preliminary injunction must show (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party; and (4), the injunction, if issued, would not be adverse to the public interest. *See* **Schrier v. Univ. of Colo.**, 427 F.3d 1253, 1258 (10th Cir. 2005).

Mr. Oakley is asking this Court to disturb the status quo. A preliminary injunction disturbing the status quo "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." **Schrier**, 427 F.3d at 1259 (citing **O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft**, 389 F.3d 973, 977 (10th Cir. 2004)). Status quo is the last uncontested status between the parties which preceded the controversy. **Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.**, 269 F.3d 1149, 1155 (10th Cir. 2001). The status quo is not the parties' existing legal rights but the reality of the existing status and relationships between the parties, regardless of whether the

existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights. *Id.*

Here, Mr. Oakley seeks the return of his monies, an expungement of a disciplinary action and access to more legal materials. If the Court were to grant Mr. Oakley's request his relationship with the individuals named in the Motion would be changed. His requests, therefore, are requests for disfavored injunctions and are more closely scrutinized. Because Mr. Oakley is asking the Court to disturb the status quo he must satisfy an even heavier burden of showing that the four preliminary injunction factors weigh heavily and compelling in his favor. *Schrier*, 427 F.3d at 1261.

Mr. Oakley indicates he is able to obtain copies of legal documents from the law library just not legal books. Furthermore, although Mr. Oakley would like to have 150 pieces of blank paper per week (*see* Doc. No. 6 at 5.), the Court finds no basis for such a need. Mr. Oakley's use of the paper he now receives is questionable as the pleadings he has submitted to the Court in this case, on more than 100 pieces of paper, are for the most part unnecessary and repetitive. An inadequate law library claim must demonstrate an actual injury, which would include the inability to present claims to this Court. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). Mr. Oakley has been able to present his claims to this Court.

As for the return of Mr. Oakley's monies and the expungement of his disciplinary conviction, nothing Mr. Oakley asserts indicates that he will suffer irreparable injury unless the Court enters a preliminary injunction directing Defendants to return his

money and expunge the disciplinary conviction prior to the Court reviewing the merits of this claim.

Mr. Oakley, therefore, has failed to show that the four preliminary injunction factors weigh heavily and compelling in his favor in each of his claims. Accordingly, it is

ORDERED that the construed Motions for a Preliminary Injunction (Doc. Nos. 4 and 6) are denied.

DATED at Denver, Colorado, this 8th day of January, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01991-BNB

Jacob Daniel Oakley
Prisoner No. 123294
Colorado State Penitentiary
P.O. Box 777 - Unit E3-17
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/11/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk