IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01991–WYD–KMT

JACOB DANIEL OAKLEY,

    Plaintiff,

v.

ARISTEDES W. ZAVARES, Executive Director, D.O.C.,
SUSAN JONES, Warden, CSP,
STEP 1 GRIEVANCE, BD. JOHN OR JANE DOE #1
STEP 2 GRIEVANCE, BD. JOHN OR JANE DOE #2
STEP 3 GRIEVANCE, BD. JOHN OR JANE DOE #3
ANTHONY A. DESSESSARO, Grievance Board,
WILLIAM RICHTER #5, COPD BD, of Discipline,
POCHECHO #4, COPD BD, of Discipline
JOHN OR JANE DOE #6, Inmate Banking Chain of Command,
JOHN OR JANE DOE #7, Inmate Banking Chain of Command,
JOHN OR JANE DOE #8, Inmate Banking Chain of Command,
JOHN OR JANE DOE #9, Inmate Banking Chain of Command,
P. HUNTER, Inmate Banking Chain of Command,

    Defendants.

# ORDER

This matter is before the court on Plaintiff's "Motion Requesting District Judge to Reconsider 'Preliminary Injunction' Filed by the Plaintiff in this Case Presented" (Doc. No. 37) filed on February 16, 2010.

Plaintiff requests that this court reconsider the Order Denying Motions for Preliminary Injunction (Doc. No. 28) issued by District Judge Philip A. Brimmer for Senior District Zita L.

Weinshienk on January 11, 2010. "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment, and Fed. R. Civ. P. 60(b) will govern all other motions. *Id.* Plaintiff filed his motion for reconsideration on February 16, 2010. As Plaintiff's Motion was filed more than ten days after the Order denying the preliminary injunction motions, Plaintiff's Motion will be construed as a Rule 60(b) motion.

Rule 60(b) "is not available to allow a party to reargue an issue previously addressed by the court when reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). Parties seeking relief under Rule 60(b) must overcome a high hurdle because such a motion "is not a substitute for an appeal." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Whether to grant a Rule 60(b) motion rests within the court's discretion. *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

There are three possible grounds which warrant reconsideration: (1) an intervening change in the controlling law; (2) new evidence which was previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1105, 1012 (10th Cir. 2000). In considering whether there is clear error or manifest

2

injustice, a court may reconsider its prior ruling if it has misapprehended the facts or a party's position, but it is not appropriate to revisit issues that have previously been addressed or for a party to advance arguments that could have been raised previously. *Id.*

Plaintiff seeks reconsideration on the bases that the defendants are making withdrawals from his inmate account for unauthorized restitution, and that Plaintiff will suffer irreparable injury because he will not be able to recover his losses until after this case is tried. The bases for Plaintiff's Motion to Reconsider either were presented at the time he filed his motions for preliminary injunction or could have been presented at that time. The Motion also does not present any evidence or argument that there has been a change in the controlling law or identify a specific error in the court's prior rulings. Plaintiff has not demonstrated an entitlement to relief under Rule 60(b).

Therefore, it is

ORDERED that Plaintiff's "Motion Requesting District Judge to Reconsider 'Preliminary Injunction' Filed by the Plaintiff in this Case Presented" (Doc. No. 37) is **DENIED**.

Dated this 2nd day of March, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge