IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01991–WYD–KMT

JACOB DANIEL OAKLEY,

    Plaintiff,

v.

ARISTEDES W. ZAVARES, Executive Director, D.O.C.,
SUSAN JONES, Warden, CSP,
STEP 1 GRIEVANCE, BD. JOHN OR JANE DOE #1
STEP 2 GRIEVANCE, BD. JOHN OR JANE DOE #2
STEP 3 GRIEVANCE, BD. JOHN OR JANE DOE #3
ANTHONY A. DESSESSARO, Grievance Board,
WILLIAM RICHTER #5, COPD BD, of Discipline,
POCHECHO #4, COPD BD, of Discipline
JOHN OR JANE DOE #6, Inmate Banking Chain of Command,
JOHN OR JANE DOE #7, Inmate Banking Chain of Command,
JOHN OR JANE DOE #8, Inmate Banking Chain of Command,
JOHN OR JANE DOE #9, Inmate Banking Chain of Command,
P. HUNTER, Inmate Banking Chain of Command,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's "Declaration Under Penalty of Perjury and Prelim. Injunction Amended in One Motion" (Doc. No. 44, filed March 8, 2010). Defendants filed their response on March 15, 2010. (Doc. No. 48.) Plaintiff requests that he be "held an housed at the state hospital till his lawsuite [sic] is determined . . . ." (Doc. No. 44 at 13.)

Plaintiff is a prisoner at the Colorado State Penitentiary in Canon City, Colorado. Plaintiff is proceeding *pro se*. As such, the Court must construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not the *pro se* party's advocate and must nevertheless deny a motion that is based on vague or conclusory allegations. *Hall*, 935 F.3d at 1110.

The Court has reviewed the Motion, the case file, and applicable case law and is sufficiently advised in the premises. For the reasons provided below, the Court respectfully recommends that the Motion be DENIED.

Plaintiff requests that the Court issue an injunctive order against Defendants. Plaintiff contends that the defendants have held or delayed his legal mail to torment and harass him in retaliation for his filing of legal complaints. (Mot. at 1–3.) Plaintiff also alleges his case manager will not give him Inmate Account Statements without a court order. (*Id.* at 4.)

A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992).

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

Plaintiff seeks a preliminary injunction that would require Defendants to act in a way that is contrary to their prior practices. Accordingly, the relief sought would alter the status quo rather than preserve it and would also require Defendants to act. For these reasons, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *Id.* at 1259, 1261.

To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable injury if his request for injunctive relief is denied. *Schrier*, 427 F.3d at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d

3

669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such imminence that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted). Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 Fed. App'x 104, 106 (10th Cir. 2007). Finally, an injunction is only appropriate "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Here, Plaintiff has wholly failed to assert an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350–53 (1996). Although he contends that Defendants delayed providing him with his mail, he does not allege any resulting injury. Further, Plaintiff admits that, although delayed, he received the mail at issue. Such an admission clearly evidences a lack of imminence of the alleged injury. In addition, the Court notes that a review of the docket does not reveal any outstanding motions filed by Defendants in this case to which Plaintiff has not responded. Moreover, Plaintiff merely speculates that the alleged delays in his receipt of mail will lead to the dismissal of his legal matters. (Doc. No. 44 at 5.) Plaintiff's claims are conclusory and theoretical and are subject to denial on those bases alone. *Heideman*, 348 F.3d at 1189; *Hall*, 935 F.3d at 1110.

To the extent that Plaintiff claims his case manager will not give him a copy of his Inmate Account Statements without a court order, the Court notes the response to the grievance

filed by Plaintiff in this regard shows that Plaintiff did, in fact, receive two copies of his account statement on November 11, 2009, and that he was not charged for these copies. (Doc. No. 44 at 6.) Moreover, a review of the docket also shows that Plaintiff received another Inmate Account Statement on December 10, 2009, three days after the CDOC responded to Plaintiff's grievance, and Plaintiff filed it with the Court on January 21, 2010. (Doc. No. 35 at 3.) Thus, it is clear Plaintiff's case manager has not withheld Inmate Account Statements.

Even if Plaintiff could demonstrate some injury, he must demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d at 1258. Plaintiff has not addressed or demonstrated whether the alleged harm to him outweighs the potential damage the injunction may cause Defendants or whether an injunction would be adverse to the public interest. The court notes that the public would ultimately have to bear the cost of any required changes in Defendants' conduct. The Court finds that the public interest is best served by upholding the bright-line rule that Court interference is limited to only those extreme cases where irreparable injury is clear. Courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d at 266, 269–70 & n.2 (4th Cir. 1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980).

Finally, Plaintiff must show that he has a substantial likelihood of success on the merits of his claims. *Schrier*, 427 F.3d at 1258. Because I find that Plaintiff has failed to articulate an actual injury, the likelihood of success on the merits of his claim is sufficiently in doubt. *See*

5

*Hall*, 935 F.2d at 1110 (holding that a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based"); *Bryant v. NFL, Inc.*, No. 07-cv-02186-MSK-MJW, 2007 WL 3054985, at *2 (D. Colo. Oct.18, 2007) (unpublished decision) (holding that unverified, conclusory allegations will not support a motion for injunctive relief). Moreover, given the tenuous nature of the relationship between Plaintiff's current allegations and the claims underlying his Complaint, even assuming the truth of the allegations Plaintiff makes here, these allegations do not tend to make his underlying claims any more or less meritorious. *See Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (noting that plaintiff fails to show substantial likelihood of success where he cannot provide "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief").

Accordingly, this court respectfully

RECOMMENDS that Plaintiff's "Declaration Under Penalty of Perjury and Prelim. Injunction Amended in One Motion" (Doc. No. 44) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 16th day of March, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge