IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01991-WYD-KMT

JACOB DANIEL OAKLEY, #123294,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, Exe. Dir, D.O.C.,
SUSAN JONES, Warden, CSP,
WILLIAM RICHTER #5,  COPD BD. of  Discipline,
POCHECHO #4, COPD BD. of Discipline,
JOHN OR JANE DOE # 6, Inmate Banking Chain of Command,
JOHN OR JANE DOE # 7, Inmate Banking Chain of Command,
JOHN OR JANE DOE # 8, Inmate Banking Chain of Command,
JOHN OR JANE DOE # 9, Inmate Banking Chain of Command, and
P. HUNTER, Inmate Banking Chain of Command,

    Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

I.    <u>INTRODUCTION</u>

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Third Amended Prisoner Complaint (ECF No. 47), which was filed on March 15, 2010 ("Motion to Dismiss").  The matter was referred to Magistrate Judge Tafoya for a Recommendation by Order of Reference dated March 16, 2010.  Magistrate Judge Tafoya issued a Recommendation on August 16, 2010, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Tafoya recommends therein that Defendants' Motion to Dismiss be

granted in part and denied in part. (Recommendation at 1.)

Magistrate Judge Tafoya advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendation. (Recommendation at 21-22.) On October 20, 2010, with leave of the Court, Plaintiff filed an objection which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).[1]

As a preliminary matter, I point out that it was difficult to determine the nature of Plaintiff's objections to Magistrate Judge Tafoya's Recommendation. Plaintiff's objections consist of restatements of the law, broad conclusory allegations about the motives and actions of the individual Defendants, and a general rehashing of his claims. Despite the nebulous nature of Plaintiff's objections, I will address them to the extent I can ascertain the basis for the objections.

II.   BACKGROUND

Plaintiff is a *pro se* prisoner incarcerated at the Colorado State Penitentiary ("CSP") within the Colorado Department of Corrections ("CDOC"). Plaintiff's Third Amended Prisoner Complaint, filed on November 23, 2009, alleges that the Defendants violated his constitutional rights under 42 U.S.C. § 1983. Specifically, Plaintiff alleges that the Defendants violated his rights protected by the Fifth, Eighth and Fourteenth Amendments of the Constitution by issuing orders of restitution from unspecified

---

[1] On November 18, 2010, Plaintiff filed a supplement to his objection, which the Court considered in making its rulings in this Order.

disciplinary convictions.

In Claim One, Plaintiff alleges that Defendants violated his due process rights under the Fifth and Fourteenth Amendments by ordering restitution as a sanction for the disciplinary convictions. In Claim Two, Plaintiff alleges that the restitution withdrawals from his inmate banking account violate the "takings clause" because he was not afforded due process. Plaintiff also suggests that these withdrawals constitute cruel and unusual punishment under the Eight Amendment. Finally, Plaintiff asserts in Claim Three that the garnishment of funds from his prison banking account is illegal and a violation of his due process rights. (Recommendation at 2.)

Plaintiff seeks injunctive relief preventing the Defendants from taking his money for the alleged "illegal" restitution orders. Plaintiff also seeks compensatory damages equal to the amount of money withdrawn from his bank account for the restitution orders and punitive damages in the amount of $850,000. (Recommendation at 2.)

III.    RECOMMENDATION

As stated earlier, Magistrate Judge Tafoya recommends that Defendants' Motion to Dismiss be granted in part and denied in part. (Recommendation at 1.) In her Recommendation, Magistrate Judge Tafoya noted that Defendants seek dismissal of Plaintiff's claims on the grounds that: (1) Defendants, in their official capacities, are entitled to Eleventh Amendment immunity; (2) Plaintiff's takings clause claim cannot be asserted under § 1983; (3) Plaintiff failed to state a cognizable Eighth Amendment claim; (4) Plaintiff failed to state a cognizable due process claim under the Fourteenth Amendment; (5) Plaintiff failed to allege facts showing personal participation by

Defendants Zavaras, Jones and Decesaro; (6) Plaintiff's claim for compensatory damages is barred by the Prison Litigation Reform Act ("PLRA"); and (7) Defendants are entitled to qualified immunity in their individual capacities. Magistrate Judge Tafoya made the following findings in her Recommendation.

    A.    <u>Standard of Review</u>

The pending motion seeks dismissal of Plaintiff's claims for either a lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

Where a party moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the attack can be either a facial attack to the allegations of the complaint or a factual attack. *Paper, Allied Indus., Chemical and Energy Workers Intl. Union v. Continental Carbon* Co., 428 F.3d 1285, 1292 (10th Cir. 2005). Where there is a facial attack on the sufficiency of the Complaint, the Court must look to its factual allegations and accept them as true. *See id*; *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971).

Fed. R. Civ. P. 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court's inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, ___ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). Furthermore, conclusory allegations are "not entitled to the assumption of truth." *Id*. at 1950.

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id*. at 1248. Additionally, the Tenth Circuit has instructed that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context" and that whether a defendant receives fair notice "depends on the type of case." *Id.*

      1.    <u>Eleventh Amendment Immunity</u>

First, Magistrate Judge Tafoya addressed Defendants' argument that they are

entitled to Eleventh Amendment immunity against Plaintiff's claims for actual damages and declaratory relief in their official capacities.  Magistrate Judge Tafoya noted that under the Eleventh Amendment, a state is not subject to suit by its own citizens in federal court absent a waiver.  *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).  Eleventh Amendment immunity applies whether the relief sought is legal or equitable.  *Id.*  Thus, the Eleventh Amendment shields state officials, acting in their official capacities, from claims for monetary relief.  *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007).  However, claims for injunctive and declaratory relief may, in some circumstances, proceed against an official in his or her official capacity.  *Id.*  Whether the Eleventh Amendment provides immunity on a claim for injunctive or declaratory relief depends on whether the relief sought is truly prospective.  *Id.* at 1258-59.

Given the controlling law, Magistrate Judge Tafoya found that to the extent Plaintiff seeks monetary damages from the Defendants in their official capacities, the Eleventh Amendment shields them from liability and the Court lacks jurisdiction over such claims.  *See Starkey ex rel. A.B. v. Boulder Cnty. Soc. Serv.*, 569 F.3d 1244, 1260 (10th Cir. 2009) (noting jurisdictional nature of Eleventh Amendment sovereign immunity).  However, Magistrate Judge Tafoya concluded that to the extent Plaintiff seeks prospective injunctive and declaratory relief, including an injunction against future withdrawals from his inmate banking account and a declaration regarding the proper calculation for restitution withdrawals, the Eleventh Amendment does not bar such claims.  Nor does it bar claims against the Defendants in their individual capacities for monetary or equitable relief.

Based on my review of Plaintiff's objection, it does not appear that he objects to this portion of the Recommendation. In fact, Plaintiff does not reference the Eleventh Amendment anywhere in his objection or in his supplement to the objection. A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Accordingly, I agree and find no error with Magistrate Judge Tafoya's well-reasoned conclusion that the Eleventh Amendment bars Plaintiff's claims for monetary damages against the Defendants in their official capacities.

        2.     <u>Due Process Claim</u>

Second, Magistrate Judge Tafoya addressed the validity of Plaintiff's due process claim relating to unspecified disciplinary convictions that resulted in restitution orders. In order to maintain a due process claim, Plaintiff must allege two elements: "(1) that the State deprived him of a constitutionally cognizable liberty or property interest and (2) that the procedures attendant to that deprivation were not constitutionally sufficient." (Recommendation at 9.) Relevant to the facts at hand, Magistrate Judge Tafoya noted that "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). At a prison disciplinary proceeding, due process requires only that the inmate receive (1) advance written notice of the

disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Id.* at 563-67; *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996).

After carefully reviewing the Third Amended Complaint and applying the law, Magistrate Judge Tafoya found that Plaintiff did make allegations regarding Defendant Richter's handling of the disciplinary proceedings that do suggest a violation of due process requirements set forth in *Wolff*. Taking the allegations as true, Magistrate Judge Tafoya concluded that Plaintiff plausibly alleged that he was not afforded the opportunity to "to call witnesses and present documentary evidence in his defense." (Recommendation at 12.) Accordingly, Magistrate Judge Tafoya recommends that Plaintiff's due process claim against Defendant Richter survives Defendants' motion to dismiss. I note that no objections were raised to this portion of the Recommendation. Having reviewed this portion of the Recommendation, I find no clear error on the face of the record. I find that Magistrate Judge Tafoya's Recommendation is thorough, well reasoned, and I adopt it as to this issue.

On the other hand, however, Magistrate Judge Tafoya recommends that to the extent Plaintiff brings due process claims against other Defendants, they fail because Plaintiff did not allege facts showing personal participation by any other Defendant.

Turning to my analysis, I note that Plaintiff does not dispute or even address Magistrate Judge Tafoya's factual findings and legal conclusions in the

Recommendation. Instead, the objection sets forth numerous statements and factual allegations without any basis or support. Plaintiff further attempts to explain why the garnishment of his money is "illegal." Plaintiff argues that since he "cannot pay the debt in full . . . he is entitled to have the debt obligation lowered to what he can afford." (Objection at 2.) Plaintiff offers little, if any, authority or supporting documentation for these assertions. Therefore, I agree with Magistrate Judge Tafoya that Plaintiff failed to allege personal participation by other Defendants in the alleged due process violation, and thus, the claims against those Defendants are dismissed. Accordingly, the objections are overruled as to this issue.

### 3. Takings Clause and Garnishment Claims

Third, Magistrate Judge Tafoya addressed Plaintiff's second and third claims, which assert that the withdrawal of money from Plaintiff's inmate banking account pursuant to the restitution orders constitutes a taking without due process. Plaintiff "argues that Defendants are permitted to withdraw only twenty percent from his inmate account for court ordered restitution, and that he is only required to pay off 'one case at a time' and that 'the rest go's [sic] to me for personal use that cannot be taken away without due process of law.'" (Recommendation at 13.) Plaintiff further alleges that the "Defendants withdraw one hundred percent of his money for restitution 'that isn't authorized [or] legally imposed.' Plaintiff claims that the withdrawal of all his money 'without just compensation violates the takings clause.'" (Recommendation at 13) (internal citations omitted).

Construing these allegations as both a takings claim and a due process claim,

Magistrate Judge Tafoya found that to the extent that the restitution orders were properly imposed, Plaintiff failed to state a claim under the takings clause.  In support of this finding, she stated that "[i]t is clear that the debiting of funds from [a prisoner's] account in satisfaction of a properly imposed restitution order does not amount to a taking or other wrongful interference with a property interest." *Barber v. Wall*, 66 F. App'x 215, 216 (1st Cir. 2003).  With respect to the due process claim, as set forth in the previous section of this Order, Magistrate Judge Tafoya found Plaintiff failed to state a due process claim, except as to Defendant Richter.

Plaintiff objects to this portion of the Recommendation by restating the law, making broad conclusory allegations that were previously raised and rejected, and generally rehashing his claims.  Plaintiff again fails to point to specific errors in the Recommendation.  Therefore, I agree with Magistrate Judge Tafoya that Plaintiff has failed to allege personal participation by other Defendants in the alleged due process violation, and thus, the claims against those Defendants are dismissed.  Accordingly, the objections are overruled as to these claims.

    4. <u>Eighth Amendment Claim</u>

Fourth, Magistrate Judge Tafoya reasoned that Plaintiff appears to assert an Eighth Amendment claim for cruel and unusual punishment in connection with his takings claim.  Plaintiff "alleges that the withdrawal of all the money from his prison account 'le[aves] me with nothing to use for myself to buy hygien [sic], stamps, envelopes, etc. that is truly essential for everyday prison life' and 'forc[es] me to live in severe poverty' and 'makes it extremely hard to survive and buy stamps, etc. [and]

makes it hard to live in sanitary conditions and limits my right to [indecipherable] to my family wich [sic] does burden every day prison life.'" (Recommendation at 15.)

Magistrate Judge Tafoya noted that "[a] prisoner claiming an Eighth Amendment violation must establish, objectively and subjectively, that particular conditions of confinement are cruel and unusual. *Wilson v. Seiter*, 501U.S. 294, 297-98 (1991). To satisfy the objective component, a plaintiff must allege a deprivation which objectively is "sufficiently serious" to constitute an Eighth Amendment violation. *Id.* at 298. To satisfy the subjective component, a plaintiff must demonstrate that the prison official was "deliberately indifferent" to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference in this context means that the official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference." *Id.* at 837.

Based on the law, Magistrate Judge Tafoya found that while the deprivation of hygiene items can constitute an Eighth Amendment violation, such a deprivation without any corresponding injury would not give rise to an Eight Amendment claim. (Recommendation at 16.) Accordingly, since Plaintiff did not allege any physical injury and "provides no information regarding the nature, extent or duration of time that he lacked funds, due to the restitution withdrawals, to purchase hygiene items", Magistrate Judge Tafoya recommends that Plaintiff's Eighth Amendment claim be dismissed for failure to state a claim. (Recommendation at 17.)

Plaintiff objects to this portion of the Recommendation by stating that his "eighth

-11-

amendment claim must be decided on a case by case bases [sic], and . . . the courts must decide on the totallity [sic] of sercumstances [sic] . . ." (Objection at 4.) Plaintiff goes on to discuss his pain and suffering in general terms but fails to specifically address a physical injury. Plaintiff further emphasizes the importance of money to an inmate in a prison setting. While the Court acknowledges Plaintiff's frustration with his lack of monetary funds, I agree with Magistrate Judge Tafoya that his Eight Amendment claim fails because he did not allege a physical injury in connection with the deprivation of hygiene items. Plaintiff's objections are overruled, and the Eighth Amendment claim is dismissed.

### 5. Prison Litigation Reform Act ("PLRA")

Fifth, Magistrate Judge Tafoya addressed Defendants' argument that Plaintiff's claim for compensatory damages should be dismissed because it does not satisfy the prior physical injury requirement of the PLRA. The PLRA provides in relevant part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Magistrate Judge Tafoya agreed with Defendants' argument and concluded that since Plaintiff did not allege any physical injury, "his claim for compensatory damages is therefore barred by the PLRA. However, he may still pursue nominal and punitive damages and equitable relief." (Recommendation at 19.)

I note that no objections were raised to this portion of the Recommendation. Having reviewed this portion of the Recommendation, I find no clear error on the face of

the record. I find that Magistrate Judge Tafoya's Recommendation as to this issue is thorough, well reasoned and, thus, I adopt it.

### 6.  Qualified Immunity

Finally, Magistrate Judge Tafoya recommends that Defendant Richter's Motion to Dismiss be denied as to the defense of qualified immunity.[2] In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court held that government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *Harlow* places a presumption in favor of immunity of public officials acting in their individual capacities. *Schalk v. Gallemore*, 906 F.2d 491 (10th Cir. 1990). Once the defense is raised by a defendant, the burden shifts to the plaintiff to come forward with facts or allegations sufficient to show both "'that the defendant's actions violated a constitutional or statutory right'" and that the right "was clearly established at the time of the defendant's unlawful conduct." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (quoting *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir 1995)). *See also Workman v. Jordan*, 32 F.3d 457, 479 (10th Cir. 1994); *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996).

Magistrate Judge Tafoya found that Plaintiff "alleged facts which plausibly suggest that Defendant Richter did not afford plaintiff the opportunity required by *Wolff* 'to call witnesses and present documentary evidence in his defense.'"

---

[2] Magistrate Judge Tafoya noted that because Plaintiff has only stated a claim as to Defendant Richter, the court will only consider the qualified immunity argument as to Defendant Richter. (Recommendation at 19.)

-13-

(Recommendation at 20.) Therefore, "Plaintiff has satisfied his burden to show the plausible violation of a federal constitutional right. Moreover, the due process requirements for a disciplinary proceeding have been clearly established since the Supreme Court decided *Wolff* in 1974." (Recommendation at 20.) Thus, Magistrate Judge Tafoya concluded that Defendant Richter is not entitled to qualified immunity on Plaintiff's due process claim. Accordingly, Plaintiff "may pursue prospective equitable relief against Defendant Richter in his individual capacity." (Recommendation at 20.) Magistrate Judge Tafoya recommends, however, that Plaintiff "is barred by the Eleventh Amendment from pursuing monetary damages against Defendant Richter in his official capacity and barred by the PLRA from pursuing compensatory damages. Defendant Richter is not entitled to qualified immunity." (Recommendation at 20.)

No obejctions were filed to this portion of the Recommendation. Thus, having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I find that Magistrate Judge Tafoya's Recommendation is thorough, well reasoned and sound. I agree with Magistrate Judge Tafoya that Defendant Richter is not entitled to qualified immunity as to Plaintiff's due process claim.

IV.   CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Tafoya (ECF No. 87) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

FURTHER ORDERED that the Defendants' Motion to Dismiss (ECF No. 47) is **GRANTED IN PART and DENIED IN PART** as follows:

The motion is granted to the extent that all claims against Defendants Zavaras, Jones, Pocheco, Hunter and John or Jane Doe #6, #7, #8, and #9 are dismissed. The motion is also granted to the extent that Plaintiff's claim for compensatory damages is dismissed.

The motion is denied as to Plaintiff's due process claim against Defendant Richter, except insofar as Plaintiff seeks compensatory damages against Defendant Richter.

Dated: January 20, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge