IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01991–WYD–KMT

JACOB DANIEL OAKLEY,

    Plaintiff,

v.

WILLIAM RICHTER #5, COPD BD, of Discipline,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that Defendants violated Plaintiff's rights under the Fifth, Eighth and Fourteenth Amendments. The matter comes before the court on "Defendant's Motion for Summary Judgment on Third Amended Complaint" (Doc. No. 135 [Mot.]) filed May 13, 2011. Plaintiff did not file a response. The motion is ripe for recommendation and ruling.

### PROCEDURAL HISTORY

Plaintiff Jacob Oakley is a *pro se* prisoner incarcerated in the Centennial Correctional Facility (CCF) within the Colorado Department of Corrections (CDOC). Oakley previously was incarcerated in the Colorado State Penitentiary (CSP). In his Third Amended Prisoner Complaint, Plaintiff sued Defendants Richter, Zavaras, Jones, Decesaro, Pochecho and Hunter under 42 U.S.C. §1983. (Doc. No. 24 [Compl.].) Plaintiff sued all defendants in their official and individual capacities for allegedly violating his rights protected by the Fifth, Eighth and

Fourteenth Amendments of the U.S. Constitution by issuing orders of restitution in numerous of his disciplinary convictions. (*Id.* at 6–7.)

Defendants filed a Motion to Dismiss on March 14, 2010. (Doc. No. 47.) Chief District Judge Wiley Y. Daniel granted the Motion to Dismiss on all issues and all Defendants with the exception of claims for prospective equitable relief against Defendant Richter in his official and individual capacities and nominal and punitive damages against Defendant Richter in his individual capacity. (Doc. No. 125.) The only remaining claim is Plaintiff's Due Process claim against Defendant Richter, specifically whether Defendant Richter violated Plaintiff's Due Process rights during an unidentified number of disciplinary hearings by not allowing Plaintiff to present evidence in his defense. (*Id.*)

## STATEMENT OF FACTS

Plaintiff was incarcerated at Colorado State Penitentiary during times relevant to his Third Amended Complaint. (Compl. at 19.) Defendant Richter was the hearing chairperson who presided over twenty-two of Plaintiff's hearings held for charges of Code of Penal Discipline (COPD) violations, specifically, case numbers 270297, 270298, 270331, 270351, 270380, 270524, 270525, 270530, 270556, 270557, 270705, 270731, 270732, 290110, 290182, 290183, 290266, 290452, 290466, 290492, 290670, and 30010. (Mot., Exs. A-1 through A-22.[1])

---

[1] Exhibits A-1 through A-22 have been reviewed by the Custodian of Records for the CDOC, who swears the exhibits are true and accurate copies of the twenty-two COPD hearings at which Defendant Richter served as the hearing chairperson. (*See* Doc. No. 138-1.)

The Code of Penal Discipline is found in Administrative Regulation (AR) 150-01. (*Id.*, Exs. A-23 and A-24.) Pursuant to the AR, an offender may present witness testimony and evidence at the hearing on the COPD charge(s). (*Id.*, Exs. A-23 and A24 at § 150-01(IV)(E)(3)(i),(j).) Plaintiff received a Notice of Charges in COPD case numbers 270297, 270298, 270331, 270351, 270380, 270524, 270525, 270530, 270556, 270557, 270705, 270731, 270732, 290110, 290182, 290183, 290266, 290452, 290466, 290492, 290670, and 30010. (*Id..*, Exs. A-1 through A-14, A-16 through A-17, A-20 through A-22 at 2 of each Ex.; Exs. A-15, A-18 and A-19 at 3 of each Ex.) Disciplinary hearings were scheduled and Plaintiff was afforded the opportunity to present evidence and witness testimony at hearings held in COPD case numbers 270297, 270298, 270331, 270351, 270380, 270524, 270525, 270530, 270556, 270557, 270705, 270731, 270732, 290110, 290182, 290183, 290266, 290452, 290466, 290492, 290670, and 30010. (*Id.*, Exs. A-1 through A-22.)

Pursuant to AR 150-01(IV)(E)(3)(m)(1)(b), "[i]f an offender refuses to attend the hearing, the hearing may proceed in his absence, and the refusal will be documented by the hearing officer on the record." (*Id.*, Exs. A-23 and A-24.) Plaintiff refused to attend the disciplinary hearings in case numbers 270297, 270298, 270331, 270351, 270380, 270524, 270525, 270530, 270556, 270557, 270705, 270731, 270732, 290110, 290182, 290183, 290266, 290452, 290466, 290492, 290670, and 30010. (*Id.*, Exs. A-1 through A-22. at 1, Findings of Fact, other comments in each Ex.) The hearings were held in Plaintiff's absence due to his refusal to attend. (*Id.*) Defendant Richter noted Plaintiff's refusal to appear at the individual disciplinary hearing on the Disposition of Charges in case numbers 270297, 270298, 270331,

3

270351, 270380, 270524, 270525, 270530, 270556, 270557, 270705, 270731, 270732, 290110, 290182, 290183, 290266, 290452, 290466, 290492, 290670, and 30010. (*Id.,* Exs. A-1 through A-22. at 1 of each Ex.) Plaintiff received a written Disposition of the Hearing Chairperson's findings in COPD case numbers 270297, 270298, 270331, 270351, 270380, 270524, 270525, 270530, 270556, 270557, 270705, 270731, 270732, 290110, 290182, 290183, 290266, 290452, 290466, 290492, 290670, and 30010. (*Id.*) Plaintiff also was notified of the sanctions imposed in each case and the evidence relied upon by the defendant in reaching the decision and imposing the sanctions in each COPD case. (*Id.*) The evidence relied upon and the sanctions imposed were included on the written Disposition of Charges. (*Id.*)

### STANDARDS OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgments as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998)

(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. Moreover, because Plaintiff is proceeding *pro se*, the court, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

**ANALYSIS**

*I.     Due Process Claims*

In his Third Amended Complaint, Plaintiff appears to assert that restitution was ordered as a sanction and money removed from his inmate banking account without affording him the required due process. (Compl. at 13–15.)

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. To maintain a procedural due process claim, Plaintiff must prove that 1) the State deprived him of a constitutionally cognizable liberty or property interest and 2) the procedures attendant to that deprivation were not constitutionally sufficient. *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

Defendant does not dispute that an inmate has a constitutionally protected property interest in the funds in his inmate account. (*See* Mot. at 5 (citing *Gillihan v. Shillinger*, 872 F.2d 935 (10th Cir. 1989)).) However, Defendant claims that Plaintiff was afforded adequate procedure in the prison disciplinary proceedings. (*Id.* at 5–8.) Defendant correctly notes that an inmate in a disciplinary hearing enjoys only the most basic due process rights. (Mot. at 5.) "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). At a prison disciplinary proceeding, due process requires only that the inmate receive 1) advance written notice of the disciplinary charges; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary

evidence in his defense; and 3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Id.* at 563-67; *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996).

In his Third Amended Complaint, Plaintiff does not assert that he failed to receive proper notice for any of his numerous disciplinary hearings at which Defendant presided as hearing chairperson. Regardless, the undisputed evidence supports that Plaintiff received notice of each individual COPD hearing and was sufficiently informed of the charges against him. (*See* Mot., Exs. A-1 through A-14, A-16 through A-17, A-20 through A-22 at 2 of each Ex.; Exs. A-15, A-18 and A-19 at 3 of each Ex.) Plaintiff also does not assert that he failed to receive a written statement of the hearing chairperson's findings and how the decision was reached. In any event, the evidence shows that Plaintiff received a written Disposition of Charges in each individual case, in which Plaintiff was notified of the sanctions imposed and the evidence relied upon in reaching the decision. (Ex. A-1 through A-22 at 1 of each Ex.)

In his Third Amended Complaint, Plaintiff asserts Defendant Richter violated his due process rights by not "affording [him] the full opportunity to verbally argue [his] defense theory of the case, to challenge the amount owed." (Third Amend. Compl. at 13.) Plaintiff claims,

> (11). William Richter Doe #5 has strikingly told me, that if I don't be quiet that he will have the officer's [sic] escort me by force, and . . . and [sic] conduct the prison hearing without me, as I tried to plea my case. I'v [sic] tried to explain my due process rights, and, he said
> (12). . . . that he is not gonna ask me again, as he said that, I saw from the corner of my eye's [sic] the other officer's [sic] approach me in the manner in wich [sic] they were gonna escort me out. But I said I'll be quiet, and just sat there, and plead not guilty to the incident and hoped for the best;

7

> (13.) I allso [sic] like to add that he said the only way I could say something is if I plead either guilty, or guilty with an explanation, only opone [sic] ground's [sic] that has [sic] to do with me admitting guilt!

(*Id.* at 13-14.) Plaintiff further claims that, because he could not say anything, he was afraid to ask for evidence to question witnesses. (*Id.* at 14.) He alleges that it could "result in COPD charges like disobeying staff directions." (*Id.*) Moreover, Plaintiff argues that Defendant Richter "violated my righ [sic] to 'free speech' [sic], and righ [sic] to express my belieffs, [sic] and theory of the write up against me by forcing [me] to remain silent and allowe [sic] the case to proceed." (*Id.*) Finally, Plaintiff summarizes his allegations in a list of complaints alleging that Defendant Richter

> (22). . . . violated my 'basic due process' rights to a 'fair hearing' because he wouldn't allowe [sic] to say anything, wich [sic] in turn denied my other right's [sic] to offer my defense theory of the case against me;
> (23). further he denied my right to request for 'evidence' such as reciepts [sic] to to [sic] the destroyed property, so that I could validate not only the price value, but authenticity of the "shap" [sic] of the product destroyed etc;
> (24). further he denied my right to challenge the amount of restitution owed that they 'charged' me with (without) (due process of law)
>     . . . .
>
> (26). I'm entitled to relieff [sic] on this ground. Because I was denied my right my right to a fair hearing, because I wasn't given the opertunity [sic] to be heard, let allone [sic] gather evidence of receipts etc.

(*Id.* at 15.)

However, the evidence submitted with Defendant's Motion belies these allegations. Pursuant to AR 150-01(IV)(E)(3)(m)(1)(b), "[t]he accused offender will have the right to be present at the [disciplinary] hearing." (Mot., Exs. A-23 and A-24.) "If an offender refuses to attend the hearing, the hearing may proceed in his absence, and the refusal will be documented

8

by the hearing officer on the record." (*Id.*) The undisputed evidence supports that on twenty-two occasions, Plaintiff refused to attend scheduled disciplinary hearings at which Defendant Richter presided. (*Id.*, Exs. A-1 through A-22 at 1 of each Ex.) Accordingly, pursuant to AR 150-01(IV)(E)(3)(m)(1)(b), each hearing was held in Plaintiff's absence. (*Id.*, Exs. A-23 and A-24.) Defendant noted on each Disposition that "[o]ffender Oakley refused to attend this hearing" and the hearing was "therefore held in [Oakley's] absence." (*Id.*, Ex. A-1 through A-22 at 1 of each Ex.) The undisputed evidence shows Plaintiff had an opportunity to present witness testimony and evidence through each disciplinary hearing process and that, nevertheless, Plaintiff refused to attend any of the twenty-two scheduled hearings in which Defendant Richter presided as the hearing officer. (Mot., Ex. A-1 through A-22, p. 1 of each Ex.)

Defendant has met his initial burden of showing an absence of evidence to support Plaintiff's claim that he has was denied due process in his COPD hearings. *See Celotex Corp.*, 477 U.S. at 325. However, Plaintiff has failed to meet his burden of providing evidence in this regard to demonstrate a genuine issue for trial on this matter. *See Concrete Works, Inc.*, 36 F.3d at 1518. Thus, Plaintiff's due process claims against Defendant Richter must fail, and Defendant Richter is entitled to summary judgment.

### D.     *Qualified Immunity*

Defendant asserts he is entitled to qualified immunity as to claims for monetary damages against him in his individual capacity. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct. With regard to this second [prong], the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful under the circumstances presented.

*Herrera v. City of Albuquerque,* 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted). "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id.* Having concluded above that Defendant Richter is entitled to summary judgment on Plaintiff's claims, Defendant Richter is entitled to qualified immunity.

**WHEREFORE,** for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendant's Motion for Summary Judgment on Third Amended Complaint" (Doc. No. 135) be **GRANTED**.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for

*de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 10th day of January, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge